**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

WALTER BROWN EWING,

　　　　Defendant - Appellant.

No. 07-5098

(N. D. Oklahoma)

(D.C. No. 06-CV-0597-CVE-PJC)
(D.C. No. 05-CR-068-04-CVE)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Walter Brown Ewing, proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his motion for relief under 28 U.S.C. § 2255. *See id*. § 2253(c)(1)(B) (requiring COA to appeal denial of § 2255 motion). Because no reasonable jurist could conclude that Mr. Ewing's § 2255 motion should have been resolved in a different manner, *see Slack v. McDaniel*, 529 U.S. 473, 485 (2000), we deny his application for a COA and dismiss this appeal.

On June 17, 2005, Mr. Ewing pleaded guilty in the United States District Court for the Northern District of Oklahoma to charges of conspiracy, *see* 18 U.S.C. § 371, and possession of stolen mail, *see id*. § 1708. He had entered into a plea agreement that waived his right to a direct appeal (except to challenge

a sentence in excess of the statutory maximum) and "waive[d] the right to collaterally attack the conviction or sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver." R. Vol. I, Doc. 80 at 12. The court sentenced him to a prison term of 60 months for each offense, the terms to be served consecutively, and ordered him to pay restitution of $111,540.81 and a special monetary assessment of $200.00.

On October 26, 2006, Mr. Ewing filed a motion for relief under 28 U.S.C. § 2255. He alleged that he had received ineffective assistance of counsel because his counsel had (1) failed to appeal his sentence for being in excess of the statutory maximum; (2) "failed to note and argue that the sentence of 120 months confinement violated due process because the sentence was greater than the 'statutory maximum' allowable sentence for the offense(s) of conviction," R. Vol. I, Doc. 199 at 3; and (3) failed to appeal the imposition of consecutive terms of imprisonment. The district court enforced Mr. Ewing's plea-agreement waiver and denied his § 2255 motion. It also denied his application for a COA, but permitted him to proceed *in forma pauperis*.

The district court ruled that Mr. Ewing's waiver was enforceable under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004). Under *Hahn* an appellate waiver is enforceable if "(1) . . . the disputed appeal falls within the scope of the waiver of appellate rights; (2) . . . the defendant knowingly and voluntarily

waived his appellate rights; and (3) . . . enforcing the waiver would [not] result in a miscarriage of justice." *Id*. at 1325. The third condition is met unless "[1] . . . the district court relied on an impermissible factor such as race, [2] . . . ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] . . . the sentence exceeds the statutory maximum, or [4] . . . the waiver is otherwise unlawful.." A waiver is "unlawful" if the error seriously affects the "'fairness, integrity or public reputation of the judicial proceedings.'" *Id*. at 1327 (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). We apply the same analysis to waivers of collateral review. *See, e.g., United States v. Wales*, No. 05-3445, 2006 WL 950655, at *2 (10th Cir. Apr. 13, 2006) (unpublished).

With respect to the first condition, the district court pointed out that Mr. Ewing waived all postconviction rights except for challenges to the validity of his plea or waiver. Because Mr. Ewing's ineffective-assistance-of-counsel claims in his § 2255 motion did not involve the validity of his plea or waiver, the court determined that his challenges fell "squarely within" the scope of his collateral-attack waiver. R. Vol I, Doc. 215 at 8.

Regarding the second condition, the district court observed that Mr. Ewing had signed the plea agreement and the petition to enter a plea agreement, both of which specifically acknowledged that he was entering the agreement knowingly and voluntarily. The court also pointed out that it had conducted a thorough plea

colloquy under Federal Rule of Criminal Procedure 11, during which Mr. Ewing acknowledged that his postconviction waiver was knowing and voluntary.

As for the third condition, the district court pointed out that Mr. Ewing had not contended that race had ever been a factor; his ineffective-assistance-of-counsel claims did not relate to the negotiation of the waiver; his sentence did not exceed, although it equaled, the statutory maximum (indeed, the plea agreement specified that the maximum sentence he could receive was ten years' imprisonment); and there had been no error that affected his substantial rights.

No reasonable jurist could debate the district court's ruling. Therefore, we DENY Mr. Ewing's application for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge